UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

FEN WANG,                                          :

                Plaintiff,           :

      -against-                          :

NEW YORK CITY HEALTH                  :
AND HOSPITALS CORPORATION,
d/b/a BELLEVUE HOSPITAL               :
CENTER, et ano,

                        :

               Defendants.
------------------------------------------------------x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**_____
**DATE FILED:** 4/18/16

**REPORT AND**
**RECOMMENDATION**
**TO THE HONORABLE**
**LORNA G. SCHOFIELD**

13cv3236-LGS-FM

**FRANK MAAS,** United States Magistrate Judge.

        Pro se plaintiff Fen Wang ("Wang") brings this action pursuant to 42

U.S.C. § 1983 ("Section 1983") and New York law against defendants New York City

Health and Hospitals Corporation and Memorial Hospital of South Bend ("Memorial

Hospital"). (See ECF No. 40 (Second Amended Complaint ("SAC")) at 1). In the SAC,

Wang alleges, inter alia, that Memorial Hospital committed medical malpractice while

she was receiving care at its medical facility in Indiana. (Id. at 1-9). Memorial Hospital

has now moved to dismiss the SAC pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure. (See ECF No. 106). For the reasons set forth below, that motion should

be granted, but on a basis other than the law of the case doctrine upon which Memorial

Hospital relies.

I.      Procedural History

        Memorial Hospital has twice previously moved to dismiss Wang's claims

against it on statute of limitation grounds.  (See ECF Nos. 19-20, 43-44).  On September

20 and November 11, 2013, respectively, Your Honor granted those motions.  (See ECF

Nos. 38, 45).  By Order dated May 16, 2014, however, Your Honor noted that, "to the

extent [Wang] wishe[s] to bring claims for fraud or intentional tort against Memorial

Hospital, these claims are not time barred, and [Wang] would be permitted to assert them

in a [third] amended complaint."  (ECF No. 70).

        During a pretrial conference on February 22, 2016, Wang requested that she

be allowed to serve Memorial Hospital again in light of Your Honor's Order.  (See ECF

No. 103).  Although Wang had not yet filed a third amended complaint, I permitted Wang

to effectuate service.  Now that she has done so, the Court can act, sua sponte, to dismiss

her claims in the SAC against Memorial Hospital based on a more fundamental flaw –

namely, this Court's lack of personal jurisdiction.  See 28 U.S.C. § 1915(e)(2).

II.     Applicable Law

        For a court to assert personal jurisdiction over a party, there must be

statutory authority for it to act and its exercise of jurisdiction must not offend

constitutional due process standards.  Best Van Lines, Inc. v. Walker, 490 F.3d 239, 242

(2d Cir. 2007).  Regardless of whether a case arises under diversity jurisdiction or federal

question jurisdiction pursuant to Section 1983, a court applies the forum state's personal

jurisdiction rules.  See Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d

25, 29 (2d Cir. 1996); Anderson v. Bd. of Regents of Higher Educ. of Commonwealth of

Mass., No. 93 Civ. 5162 (WK), 1994 WL 507741, at *5 n.1 (S.D.N.Y. Sept. 15, 1994)

(citing Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990)).

   Under the New York Civil Practice Law and Rules ("CPLR"), New York

recognizes two categories of personal jurisdiction.  CPLR § 301 permits a court to

exercise general jurisdiction based upon "a defendant's contacts with the forum even

though those contacts [may be] unrelated to the action before the court."  Langenberg v.

Sofair, No. 03 Civ. 8339 (KMK), 2006 WL 2628348, at *2 (S.D.N.Y. Sept. 11, 2006).

CPLR § 302 provides for specific jurisdiction "when the defendant's activities in the

forum are the subject of the action."  Id.

   Pursuant to CPLR § 301, a defendant is subject to suit in New York "if it

has engaged in such a continuous and systematic course of doing business here that a

finding of its presence in this jurisdiction is warranted."  Landoil Res. Corp. v. Alexander

& Alexander Servs., Inc., 77 N.Y.2d 28, 33 (1990) (internal quotation marks omitted).

CPLR § 302, on the other hand, permits a court, in certain circumstances, to exercise

jurisdiction over a non-domiciliary who commits a tort outside the state causing injury to

a person or property in the state.  See CPLR § 302(a)(3).  "Courts determining whether

there is injury in New York sufficient to warrant [CPLR] § 302(a)(3) jurisdiction must

generally apply a situs-of-injury test, which asks them to locate the 'original event which

caused the injury.'"  Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 209 (2d Cir. 2001)

(quoting Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 791 (2d

Cir. 1999)).  "The situs of injury is the location of the <u>original</u> event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff."  <u>Hermann v. Sharon Hosp., Inc.</u>, 522 N.Y.S.2d 581, 583 (2d Dep't 1987) (emphasis added).

 III.    <u>Discussion</u>

       In the SAC, Wang claims that Memorial Hospital committed medical malpractice in connection with two spinal surgeries performed there on August 24 and 26, 2009.  (<u>See</u> SAC ¶¶ III(C)(1-15)).  Although she clearly feels aggrieved, New York law does not permit this Court to consider this claim.

       As an initial matter, there clearly is no basis for asserting general personal jurisdiction over Memorial Hospital in this forum.  Critically, Wang has not asserted that Memorial Hospital has "engaged in such a continuous and systematic course of doing business [in New York] that a finding of its presence in this jurisdiction is warranted." <u>See</u> <u>Landoil</u>, 77 N.Y.2d at 33.  Indeed, the SAC suggests precisely the opposite.  (<u>See</u> SAC); <u>see also</u> https://qualityoflife.org/about/ (last visited Mar. 30, 2016) (describing Memorial Hospital as a "community-owned, not-for-profit" "526-bed" hospital "based in South Bend, Indiana").

       There also is no basis for the Court to exercise specific personal jurisdiction over Memorial Hospital.  As the SAC establishes, the "original event" giving rise to Wang's claims against Memorial Hospital occurred in Indiana, where she underwent surgery and the first effects of the alleged medical malpractice manifested themselves.

(See, e.g., SAC ¶ III(C)(11) ("After [the second surgery], I had <u>horrible low[er] back</u>

<u>pain</u>.") (emphasis in original)).  It follows that this Court lacks jurisdiction under CPLR §

302(a)(3) to hear her claims.  See <u>DiStefano v. Carozzi N. Am., Inc.</u>, 286 F.3d 81, 84-85

(2d Cir. 2001) (quoting <u>Bank Brussels</u>, 171 F.3d at 792) (the original event occurs "where

the first effect of the tort . . . that ultimately produced the final . . . injury is located");

<u>Paterno v. Laser Spine Inst.</u>, 24 N.Y.3d 370, 381 (2014) ("[T]he location of the original

event which caused the injury [is] . . . Tampa, Florida, where plaintiff underwent the

surgeries that are the basis for his medical malpractice claim.").  I note that this result

would not be altered even if Wang were to amend the SAC to assert intentional tort or

fraud claims against Memorial Hospital because the first effect of <u>any</u> conduct on the part

of Memorial Hospital was in Indiana.  See <u>DiStefano</u>, 286 F.3d at 84-85.

      In sum, there is no basis upon which Wang could pursue claims against

Memorial Hospital in this jurisdiction even if she were able to overcome the statute of

limitations defense asserted in Memorial Hospital's prior motions.  Moreover, because

there is no question that the jurisdictional problems cannot be cured through repleading,

Wang should not be permitted to file a third amended complaint.  See <u>Cuoco v.

Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the plaintiff's] causes of

action is substantive; better pleading will not cure it.").

IV.     Conclusion

        For the foregoing reasons, Memorial Hospital's motion to dismiss the SAC,

(ECF No. 106), should be granted, albeit on grounds different than those upon which

Memorial Hospital relies.

        In its papers, Memorial Hospital also asks the Court to enjoin Wang from

naming it as a defendant in any further filings.  (See id. ¶ 6).  Since Your Honor had

indicated that Wang could attempt to bring additional claims against Memorial Hospital,

there is no basis for such an injunction based on her conduct to date.  Wang should be

cautioned, however, that any further attempt to name Memorial Hospital in a pleading in

this District could lead to the imposition of sanctions.

V.      Notice of Procedure for Filing Objections to this Report and Recommendation

        The parties shall have fourteen days from the service of this Report and

Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule

72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a) and (d).  Any

such objections shall be filed with the Clerk of the Court, with courtesy copies delivered

to the chambers of the Honorable Lorna G. Schofield, to my chambers at the Daniel

Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York

10007, and to any opposing parties.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72(b).  Any requests for an extension of time for filing objections must be directed to

Judge Schofield.  The failure to file timely objections will result in a waiver of those

objections for purposes of appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

            SO ORDERED.

Dated:        New York, New York
              April 18, 2016

                                            _____
                                                FRANK MAAS
                                            United States Magistrate Judge


Copies to:

Defendants' counsel (via ECF)

Fen Wang (via email)
Email:  fenwang0102@hotmail.com