```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  FEN WANG,                                                 :
                                                            :
                                     Plaintiff,             :      13 Civ. 3236 (LGS)
                                                            :
                 -against-                                  :      ORDER
                                                            :
  NEW YORK CITY HEALTH AND                                  :
  HOSPITALS CORPORATION, d/b/a                              :
  BELLEVUE HOSPITAL CENTER, et al.                          :
                                                            :
                                     Defendants.            :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/12/2016

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on April 18, 2016, Judge Maas issued a report and recommendation (the "Report"), which recommends dismissal of Plaintiff's claims against Defendant Memorial Hospital of South Bend's ("Memorial") for lack of personal jurisdiction.

WHEREAS no party has filed an objection to the Report. It is hereby

**ORDERED** that the Report is ADOPTED in its entirety, and Plaintiff's claims against Memorial are DISMISSED with prejudice.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

As explained in the Report, Plaintiff's allegations against Memorial concern actions taking place in August 2009. Even accepting Plaintiff's allegations as true, each action at issue took place in South Bend, Indiana. Based on the complaint's allegations, the Court lacks any

basis to exercise either general or specific jurisdiction over Memorial, and Plaintiff's claims against that entity are therefore dismissed.

It is noted that on April 30, 2016, May 10, 2016, and May 11, 2016, Plaintiff filed two documents concerning unrelated discovery motions and another to "oppose" Memorial's motion to dismiss. Even assuming Plaintiff intended any of these documents to constitute an objection to the Report, these filings contain nothing that could be construed as a "specific, written objection" to the Report's personal jurisdiction analysis. In any event, for the reasons explained above, the result would remain the same under de novo review.

It is further **ORDERED** that Plaintiff is CAUTIONED that the Court's finding of lack of personal jurisdiction over Memorial is law of the case and any renewed attempt to name Memorial in a pleading filed in the United States District Court for the Southern District of New York will be rejected.

The Clerk of Court is directed to close the motion at Dkt. No. 106, terminate Memorial Hospital of South Bend as a defendant in this case and mail a copy of this order to Plaintiff.

Dated: May 12, 2016
　　　　New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**