```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
FEN WANG,                            :    13 Civ. 3236 (LGS) (JCF)
                                     :
              Plaintiff,             :        REPORT AND
                                     :        RECOMMENDATION
     - against -                     :
                                     :
NEW YORK CITY HEALTH AND HOSPITALS   :
CORPORATION, d/b/a BELLEVUE          :
HOSPITAL CENTER,                     :
                                     :
              Defendant.             :
- - - - - - - - - - - - - - - - - - -:
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/16

TO THE HONORABLE LORNA G. SCHOFIELD, U.S.D.J.:

The plaintiff, Fen Wang, brings this action pro se asserting that her rights were violated when she was involuntarily admitted to Bellevue Hospital Center in August 2012. The defendant, the New York City Health and Hospitals Corporation, now moves to dismiss the complaint pursuant to Rules 41(b) and 37(b) on the basis that the plaintiff has violated a court order, thereby effectively preventing the litigation from proceeding. For the reasons that follow, I recommend that the motion be granted.

Background

Given the grounds on which the defendant seeks dismissal, the procedural history of this case is more pertinent than the circumstances of the plaintiff's hospital admission. After the case was filed, it was referred to the Honorable Frank Maas, U.S.M.J., for general pretrial supervision. Discovery proceeded somewhat fitfully, and, in July 2016, the defendant served Ms.

1

Wang with a notice of deposition. (Notice of Deposition of Plaintiff Fen Wang, attached as Exh. 6 to Defendant's Memorandum of Law in Support of Motion to Dismiss Pursuant to F.R.C.P. 41(b) ("Def. Memo.")). Prior to the deposition date, however, defendant's counsel received a telephone call from Judge Maas's law clerk, who reported that Ms. Wang had advised the Court that she had moved back to Shanghai, China, because she did not want to submit to a deposition. (Def. Memo. at 3). In response, Judge Maas scheduled a telephone conference with Ms. Wang and counsel for the defendant. (Order dated Aug. 12, 2016).

During that conference, Ms. Wang confirmed that she refused to sit for a deposition. (Transcript of Proceedings Before Honorable Frank Maas dated Aug. 18, 2016 ("Tr.") at 4). When Judge Maas inquired whether a deposition was necessary before the defendant could move for summary judgment, defendant's counsel indicated that it was not, but he expressed concern about how any motion could be served on the plaintiff in Shanghai. (Tr. at 7). The parties discussed the possibility of service by email, but defendant's counsel pointed out that transmitting files containing medical records relevant to the anticipated motion would be problematic, both because of the size of the files and because issues of confidentiality would necessitate encryption. (Tr. at 7-8). Ms. Wang confirmed that while she could receive email, she would be unable to open any attachments. (Tr. at 8).

2

Consequently, Judge Maas concluded that the appropriate solution was for Ms. Wang to provide her mailing address to defendant's counsel so that he could effect service. (Tr. at 8). Judge Maas said to the plaintiff, "And so I'm going to direct that within one week you furnish [defendant's counsel] with the address you want the materials sent to you and with your email address, understood?" (Tr. at 10-11). Ms. Wang responded, "Okay." (Tr. at 11).

The plaintiff's apparent cooperation was short-lived. Ms. Wang interjected, "Excuse me. I don't need to receive the motion anymore. I want to know why I don't have a chance to have a trial. I really want a trial." (Tr. at 12). After Judge Maas attempted to explain the process for summary judgment, Ms. Wang nevertheless concluded, "I will not receive it. I refuse to receive it. I will not respond to the motion. I don't have a lot of time to respond." (Tr. at 13-14). Finally, Judge Maas reiterated his directive and advised the plaintiff of the consequences of failing to comply, stating, "Ms. Wang, I've made my ruling. I've indicated that you were to provide your address and email address within one week. If you do not do that, then I'm going to recommend that your case be dismissed." (Tr. at 14-15).

Judge Maas followed up his oral directive with a written order that states in part, "By August 26, 2016, Ms. Wang shall provide to Defendant her email and mailing address." (Order dated Aug. 23, 2016, ¶ 2). The following day, defendant's counsel contacted

3

Ms. Wang by email and reminded her of her obligation to provide her mailing address by August 26, 2016; he further warned her, "Should you fail to comply, I will bring it to the court's attention and seek dismissal of your action." (Email of Wayne M. Roth dated Aug. 24, 2016 ("Roth 8/24/16 Email"), attached as Exh. 10 to Def. Memo.). On September 1, 2016, defendant's counsel wrote to Judge Maas, alerting him that Ms. Wang had not yet provided her address as directed. (Letter of Wayne M. Roth dated Sept. 1, 2016). Judge Maas, in turn, endorsed the letter as follows: "Ms. Wang is cautioned that if she fails to comply with my order her case may be dismissed or other sanctions may be imposed." (Memorandum Endorsement dated Sept. 1, 2016).

Upon Judge Maas's retirement, this case was reassigned to me. When Ms. Wang still failed to provide her mailing address, the defendant filed its motion to dismiss.

Discussion

Where a party fails to obey a discovery order, the court may (1) direct that matters in the litigation be taken as established by the prevailing party, (2) prohibit the sanctioned party from supporting or opposing claims or defenses or from introducing evidence, (3) strike pleadings in whole or in part, (4) stay further proceedings until the order is obeyed, (5) enter judgment against the disobedient party, or (6) require the disobedient party or her attorney to pay the reasonable expenses caused by the

4

failure.  Fed. R. Civ. P. 37(b)(2)(A), (C); see also Doe v. Delta Airlines Inc., __ F. App'x __, __, 2016 WL 6989793, at *2 (2d Cir. 2016); Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (noting that party's failure to comply with court-ordered discovery may result in terminating sanction); Daval Steel Products, a Division of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991) ("When a party seeks to frustrate [discovery] by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate.").

Discovery sanctions serve a three-fold purpose: (1) to ensure that a party will not benefit from its failure to comply, (2) to obtain compliance with the court's orders, and (3) to deter noncompliance, both in the particular case and in litigation in general.  Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 149 (2d Cir. 2010); Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 71 (2d Cir. 1988); Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979); Aliki Foods, LLC v. Otter Valley Foods, Inc., 726 F. Supp. 2d 159, 178 (D. Conn. 2010).  Harsh sanctions such as dismissal or default are reserved for extreme situations.  See Agiwal, 555 F.3d at 302; see also Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) (noting that "the severity of sanction must be commensurate with the non-

5

compliance"); Royal Park Investments SA/NV v. U.S. Bank National Association, No. 14 Civ. 2590, 2016 WL 6705773, at *3 (S.D.N.Y. Nov. 9, 2016).

When determining the appropriate sanction to impose under Rule 37, courts in this Circuit weigh several factors, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012) (alteration in original) (quoting Agiwal, 555 F.3d at 302); accord Doe, __ F. App'x at __, 2016 WL 6989793, at *2; Royal Park Investments, 2016 WL 6705773, at *3.  No one factor alone is dispositive.  World Wide Polymers, 694 F.3d at 159 (noting that "these factors are not exclusive, and they need not each be resolved against the [sanctioned] party" (quoting Southern New England Telephone Co., 624 F.3d at 144)).

"'[A]ll litigants, including pro ses, have an obligation to comply with court orders,' and failure to comply may result in sanctions, including dismissal with prejudice." Agiwal, 555 F.3d at 302 (alteration in original) (citation omitted) (quoting Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990)); accord Moore v. Caine, No. 15 CV 2062, 2016 WL 4081079, at *2 (E.D.N.Y. June

6

29, 2016). Pro se litigants "are not immune to dismissal as a sanction for noncompliance with discovery orders," Agiwal, 555 F.3d at 302, and terminating sanctions may be appropriate "so long as a warning has been given that non-compliance can result in dismissal," Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994); accord Agiwal, 555 F.3d at 302; Moore, 2016 WL 4081079, at *2; Watkins v. Matarazzo, No. 13 Civ. 2477, 2016 WL 3351079, at *2 (S.D.N.Y. June 14, 2016).

Here, notwithstanding the "special solicitude" accorded pro se litigants, Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006), each of the relevant factors supports dismissal of the complaint.

### A. Willfulness

There is no doubt that Ms. Wang's failure to comply with Judge Maas's order is willful. She indicated during the telephone conference that she intended not to accept the defendant's anticipated summary judgment motion. (Tr. at 12). Furthermore, in her opposition to the current motion, the plaintiff makes her position clear. She states, "For justice, I disobey the order which is helpless (sic) and without good purpose. The order is not effective [and] thus I do not recognize it as a valid order." (Opposite, Objections (sic), ¶ 18).

### B. Efficacy of Lesser Sanctions

A court should seek to impose the least harsh sanction that

7

will remedy the discovery violation and deter such conduct in the future.  See Verna v. U.S. Bank National Association, No. 15-CV-1127, 2016 WL 5107115, at *3 (N.D.N.Y. Sept. 20, 2016); Grammar v. Sharinn & Lipshie, P.C., No. 14 Civ. 6774, 2016 WL 525478, at *3 (S.D.N.Y. Feb. 8, 2016); Hawley v. Mphasis Corp., 302 F.R.D. 37, 46 (S.D.N.Y. 2014).  Severe sanctions such as dismissal are to be applied sparingly, where no other sanction will suffice.  See Agiwal, 555 F.3d at 302.  Here, there is no alternative sanction that has any likelihood of overcoming the plaintiff's obstinacy.  As discussed above, she has made clear her intention to disregard Judge Maas's order.

    C. Duration of Non-Compliance

Judge Maas ordered the plaintiff to disclose her address in August, and it is now December.  Most significantly, there is no prospect that Ms. Wang will ever comply.  There is therefore no reason to delay in imposing a sanction.

    D. Notice

Judge Maas twice gave Ms. Wang clear notice of the consequences of disobeying his order, first orally during the telephone conference and then in a written order.  (Memorandum Endorsement dated Sept. 1, 2016).  In addition, defendant's counsel warned the plaintiff in writing of his intention to seek dismissal of the complaint if she did not comply with the order.  (Roth 8/24/16 Email).

Conclusion

The plaintiff willfully violated Judge Maas's discovery order, and over a period of months she has given no indication of a willingness to comply. On the contrary, she has reiterated her view that the order is invalid and need not be followed. No sanction short of dismissal would be appropriate in these circumstances, and the plaintiff was warned several times that failure to comply would lead to a terminating sanction. For these reasons, I recommend that the defendant's motion (Docket no. 176) be granted and the case be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objection shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Lorna G. Schofield, Room 201, 40 Foley Square, New York, New York, 10007, and to the Chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         December 2, 2016

Copies transmitted this date:

Fen Wang
Fenwang0102@hotmail.com
(via email)

Wayne M. Roth, Esq.
LeClairRyan
885 Third Ave., 16th Floor
New York, NY 10022
(via ECF)