UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
FEN WANG,                                                   :
                                          Plaintiff,        :
                                                            :                13 Civ. 3236 (LGS)
                  -against-                                 :
                                                            :                ORDER
NEW YORK CITY HEALTH AND HOSPITALS                          :
CORPORATION, d/b/a BELLEVUE HOSPITAL                        :
CENTER, et al.                                              :
                                         Defendants.        :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/23/2016

LORNA G. SCHOFIELD, District Judge:

WHEREAS, in and around August 2016, Plaintiff informed Magistrate Judge Frank Maas that she had moved to Shanghai, China;

WHEREAS, during a telephone conference held on August 18, 2016, Judge Maas ordered Plaintiff to provide the only remaining defendant, New York City Health and Hospitals Corp. ("NYCHHC"), with her address in Shanghai within one week so that NYCHHC could serve on her its anticipated motion for summary judgment. After Plaintiff indicated she would not provide her address, Judge Maas responded that if she refused to do so, he would "recommend that [her] case be dismissed;"

WHEREAS, by a written order dated August 23, 2016, Judge Maas ordered Plaintiff to provide NYCHHC her mailing address by August 26, 2016. The Order was sent to Plaintiff via the same e-mail address at which Plaintiff had received previous court orders;

WHEREAS, in response to a letter from NYCHHC dated September 1, 2016, which stated Plaintiff had still failed to provide her address, Judge Maas issued a written order that "cautioned [Plaintiff] that if she fails to comply with my Order her case may be dismissed or other sanctions may be imposed;"

WHEREAS, by motion dated September 23, 2016, NYCHHC moved to dismiss

Plaintiff's claims pursuant to Federal Rules of Civil Procedure 41(b) and 37(b) based on Plaintiff's failure to comply with Judge Maas' Order instructing her to provide her address. NYCHHC's motion and supporting papers were sent to Plaintiff's e-mail address.  Plaintiff filed a response to NYCHHC's motion in which she wrote that the Order requiring her to provide her address was "not effective" and that she did "not recognize it as a valid order;"

WHEREAS, on December 2, 2016, Magistrate Judge James C. Francis, who had been reassigned the case upon the retirement of Judge Maas, issued a report and recommendation (the "Report"), which recommends dismissing Plaintiff's claims against NYCHHC on the basis that Plaintiff has violated the court order, initially issued on August 18, to provide her address for service and has effectively prevented the litigation from proceeding;

WHEREAS, the Report was sent to Plaintiff's e-mail address and stated that the parties had fourteen (14) days to file written objections to it;

WHEREAS, no party has filed an objection to the Report;

WHEREAS, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

WHEREAS, Judge Francis analyzed Plaintiff's non-compliance under the standard governing a dismissal under Federal Rule of Civil Procedure 37(b)(2).  Rule 37(b)(2) permits a court to dismiss an action if a party "fails to obey an order to provide or permit discovery."

Similarly, Federal Rule of Civil Procedure 41(b) permits a court to dismiss a case if the plaintiff "fails to prosecute or to comply with . . . a court order" pursuant to Federal Rule of Civil Procedure 41(b).  In this case, it is immaterial whether the case should be dismissed under Rule 37(b), Rule 41(b) or both because "there is little distinction whether the dismissal is technically made under Rule 41 or Rule 37."  *Peters-Turnbull v. Bd. of Educ. of City of New York.*, 7 F. App'x 107, 110 (2d Cir. 2001) (internal quotation marks omitted) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).  Dismissals under Rule 37(b) and Rule 41(b) are reviewed for abuse of discretion.  *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (Rule 41(b)); *Friends of Animals Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997) (Rule 37(b)).

Given the totality of the circumstances, dismissal is appropriate.  As stated in the Report, Plaintiff has deliberately failed to comply with a court order for over four months despite repeated judicial warnings that her non-compliance could result in dismissal.  *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (noting that if plaintiff had received a warning that failure to comply would result in dismissal, "it is difficult to imagine how dismissal for unexplained non-compliance could be an abuse of discretion").  Plaintiff has also made clear that she plans to continue to disobey the order, and her intransigence has blocked the litigation from proceeding.  As Judge Francis correctly found, in light of Plaintiff's conduct and stated intentions to disregard the Order to provide her address to NYCHHC, "there is no alternative sanction that has any likelihood of overcoming the plaintiff's obstinacy."

Finding no error, clear or otherwise, in the Report's findings, and finding that the Report's recommendation to dismiss the case is not contrary to law because of Plaintiff's willful and deliberate non-compliance with a court order, it is hereby

**ORDERED** that the Report is ADOPTED, and Plaintiff's claims against NYCHHC are DISMISSED with prejudice.  It is further

**ORDERED** that, to the extent Plaintiff's objections filed in May 2016 challenge the dismissal of Defendant Memorial Hospital of South Bend for lack of personal jurisdiction, those objections are OVERRULED for the reasons stated in the Order dated May 12, 2016.  It is further

**ORDERED** that all other pending motions are DENIED as moot.  It is further

**ORDERED** that Defendant is directed to transmit a copy of this Order to Plaintiff via e-mail at fenwang0102@hotmail.com.

The Clerk of Court is directed to close all pending motions, close the case and mail a copy of this Order to Plaintiff.

Dated:  December 23, 2016
         New York, New York

                              _____
                                      **LORNA G. SCHOFIELD**
                              **UNITED STATES DISTRICT JUDGE**